HENNING & SPEED *v.* MULDOON & CO.

**Estoppel—Distress Warrant—Action on Bond.**

In an action on a bond under a distress warrant, it is recited that C. is the plaintiff in the distress warrant, and that the bondsmen undertook to pay him the value of the property and ten per cent. thereon, not exceeding the amount of the rent due, it operates as an estoppel to deny that C. is not the plaintiff in the warrant.

**Landlord and Tenant—Landlord's Lien.**

Under § 16, art. 2, ch. 56, 2 R. S., relating to landlord's lien, the lien exists for fifteen days after the removal of the property, against one who is not a bona fide purchaser.

**Landlord and Tenant—Landlord's Lien—Purchaser From Tenant.**

Persons who purchase property of a tenant do not bring themselves within the protection of the statute, § 16, art. 2, ch. 56, 2 R. S., relating to landlord's lien, where there is no showing as to the amount of a debt constituting the consideration given by the purchaser for the property removed from the leased premises.

APPEAL FROM JEFFERSON CIRCUIT COURT.

November 4, 1873.

OPINION BY JUDGE PETERS:

The question as to whether the warrant was sued out in the name of the real party in interest, is waived by the attorneys for appellees; but if it was not, they could not now raise it, because in the bond which they executed they recite that W. S. Caldwell is the plaintiff in the distress warrant, and they undertake to pay him the value of the property, and ten per cent. thereon, not exceeding the amount of rent due, which operates as an estoppel on them to deny that Caldwell, to whom the rent is due, is not the plaintiff in the warrant.

The following agreed facts are all the evidence in the case: Brixendorf was a tenant in the house described; the property levied on was on the premises on the 1st of July, 1872, was removed therefrom to the house of appellees on the 27th of July, 1872, and was sold to them by Brixendorf for a debt due to them by the said Brixendorf on the said 27th day of July, 1872, for the very marble furnished by M. Muldoon & Co. to Brixendorf, that was levied on between the day the rent for six months last

past was due and the 25th day of July; that on the said 25th of July, said Brixendorf had repeatedly promised to pay said rent, and on that day pointed out the property distrained as his own, and as standing good for the rent; that the property was removed on the 27th of July without the knowledge of appellant or their agents, Henning and Speed, and no other property subject to levy was left; that the lease was a verbal one; that Brixendorf is now in the employ of Muldoon & Co., and has been ever since he removed from the leased premises; and that he is a stone cutter and works for Muldoon & Co. for wages.

Sec. 12, Art. 2, Chap. 56, 2 Rev. Stat., p. 95, provides that a distress or attachment for rent shall bind any personal estate of the lessee, or his assignee or under-tenant found on the premises, or which may have been removed within 15 days. Let it be admitted that the 14th Sec. of said article and chapter and the amendment thereto, approved Feb. 13, 1858, was repealed by the act approved Feb. 16, 1858, which enacts that a landlord shall have an exclusive lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant, found on the rented premises after possession is taken under the lease, but that such lien shall not be for more than one year's rent due or to become due, nor for any rent which has been due for more than four months. Still Sec. 16, Art. 2, Chap. 56, remains in force, which provides that the landlord's lien shall not extend beyond 15 days after the removal of the property nor against a bona fide purchaser. The landlord's lien does extend for 15 days after the removal of the property and against one who is not a bona fide purchaser.

The property levied on was appraised by the valuers selected by the officer to the sum of $225; the list of articles appraised shows there was a number of them, but does not show the value of each article separately. It also shows that there was one marble base and 8 limestone bases. By the agreed facts it appears that appellants bought the whole of the articles contained in the list on the 27th of July, 1872, for a debt due to them for the very marble levied on. What was the amount of that debt on the day the alleged purchase was made is not shown, nor is it shown that the marble was not then as valuable as it was the day it was sold by appellants to Brixendorf. So by this contract they get not only the article for which the debt was cre-

ated, but eight limestone bases, 1 Christ with drapery, and a cross to pay them for one block of marble. In the absence of any agreement as to the amount of the debt which constituted the consideration given for the property removed from the leased premises, in view of the value of the property, it cannot be said that appellants were bona fide purchasers in the proper sense of the term, and do not therefore bring themselves within the protection of the statute.

Wherefore the judgment is reversed and the cause remanded for a new trial and for further proceedings consistent herewith.

*Speed, for appellants.*

*Muir, Byers, for appellees.*